[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AND ORDERS REGARDING TEMPORARY CUSTODY
The court, having heard the evidence, makes the findings and issues the orders hereinafter articulated.
1. Findings
The court finds the presented evidence undergirds defendant Yvonne Payne's contention that she removed her daughter Alexis Payne from the zone of risk as soon as she had information confirmatory of that risk. Supportive of this finding is the testimony of a social worker of the Department of Children and Youth Services who investigated the allegations of risk in this matter.
It is apparent that as the parents of minor children Alexis and Zachary, Jr., the parties are in dire need of improving their parenting skills. The court has some reservations about the housing arrangements available to the children in each parent's residence. Rosemary Payne, the paternal aunt of the minor children, has provided the minor children a wholesome and supportive environment in her residence. Accordingly, the court finds that awarding temporary custody of the minor children to either parent is not in the best interest of the children at this time, and may be detrimental. In this regard the following orders are entered:
ORDERS CT Page 10275
1. Temporary legal custody of minor children Alexis Payne and Zachary T. Payne, Jr. is awarded to Rosemary Payne.
2. Defendant Yvonne Payne shall have the right of reasonable visitation with the minor children as follows: each Tuesday from 5:30 p.m. to 8:30 p.m.; and as to alternating weekends, commencing on November 30, 1991, on Saturday from 10:30 a.m. to 7:30 p.m., and Sunday from 10:30 a.m. to 7:30 p.m. The aforesaid visitations shall not be supervised.[1]
3. Plaintiff Zachary Payne shall have the right to unsupervised visitation with the minor children on alternate weekends, commencing December 7, 1991 on Saturday from 10:30 a.m. overnight to Sunday at 7:30 p.m.
4. Rosemary Payne shall report to the court any problems which she may encounter relative to the aforesaid visitation.
5. Any party interested in obtaining permanent legal and physical custody of the minor children shall demonstrate at a final hearing of this case that she and/or he has gained relevant knowledge from parenting classes attended or professional parenting counselling obtained on a regular basis.[2] In this regard, such a party shall report her or his class attendance or professional counseling to the Family Relations office of the Superior Court.
6. The One Thousand Dollar bond posted in this case shall remain in effect until further order.
7. The parties and Rosemary Payne shall submit forthwithly to the psychological evaluation to which they agreed and which this court ordered conducted.
CLARANCE J. JONES, Judge.